FILED

2014 JUN -6 P 4: 23

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| DEBORAH WEYMOUTH and JAMES REDFORD, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF HENRICO, VIRGINIA<br><br>Defendant. | Civil Action No. 3:14-CV-419 |

## COLLECTIVE ACTION COMPLAINT

COME NOW Plaintiffs Deborah Weymouth and James Redford, (collectively "Plaintiffs"), by counsel, and make the following allegations on behalf of themselves and all others similarly situated:

### Introduction

1. Plaintiffs are current and former employees of the County of Henrico, Virginia's Fire Department. Plaintiffs are, or were, employed with the title of "Captain" within the Henrico Fire Department within the three years preceding the date of this Complaint. This proceeding seeks unpaid overtime for Plaintiffs and all others similarly situated under the federal law which establishes the overtime compensation due to fire fighters and other emergency responders based on the duties performed and irrespective of job title.

2. Plaintiffs seek declaratory relief, injunctive relief, and to recover unpaid overtime compensation and liquidated damages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended ("FLSA" or "the Act") for themselves and others similarly situated.

1

## Jurisdiction and Venue

3. This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and (c), and 28 U.S.C. §§ 1331, 2201, 2202.

4. Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule 3(B)(4) since the acts and omissions giving rise to this lawsuit have taken place in the Eastern District of Virginia.

5. Defendant is subject to personal jurisdiction in the Commonwealth of Virginia.

## Parties

6. Plaintiffs are residents of Virginia and are, or have been, employed by Defendant. At all times relevant, Plaintiffs were firefighters who are, or have been, employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

7. The Henrico Fire Department is the primary fire, rescue, and emergency services agency in the County of Henrico, Virginia, providing municipal fire prevention and suppression, hazardous materials response and mitigation, aquatic response and rescue, and extensive emergency responder services in non-fire emergency settings throughout the County of Henrico. The Henrico Fire Department is comprised of firefighters, paramedics, and support personnel. It employs approximately 525 individuals operating out of twenty (20) fire stations, including approximately thirty two (32) firefighters who serve as Fire Department Captains ("Fire Captains").

8. Defendant is an "employer" within the meaning of 29 U.S.C. § 207(a)(1). At all times relevant, Defendant was Plaintiffs' "employer" within the meaning of 29 U.S.C. § 203(d).

9. Plaintiffs bring this action on behalf of themselves and other similarly situated

current and former employees, including retirees, of Defendant who were, or are, employed by Defendant as Fire Captains or with duties similar to Fire Captains within the past three years and who were subject to the same uniform pay practices and policies.

### Representative Action Allegations for FLSA Claims

10. Plaintiffs file this statutorily authorized collective action pursuant to 29 U.S.C. § 216(b) as Representative Plaintiffs. Plaintiffs each consent to become party plaintiffs in this representative FLSA action pursuant to 29 U.S.C. § 216(b), as evidenced by Plaintiffs' "Consent to Become Party to Collective Action Under 29 U.S.C. § 216," filed herewith.

11. Defendant employs, and has employed, multiple persons in the same job functions and/or positions as Plaintiffs occupy and/or occupied.

12. These employees perform, and have performed, functions which entitle them to payment of overtime compensation wages that they have not received.

13. Defendant compensated, and continues to compensate Plaintiffs and those similarly situated on a uniform compensation basis common to Plaintiffs and other persons performing similar job functions.

14. On information and belief, all of Defendant's operations are centrally managed as a single enterprise, and all or most of Defendant's employees performing functions similar to Plaintiffs are subject to common, uniform job duties, time-keeping and payroll practices. Defendant has additionally established uniform payroll policies with respect to the payment of overtime compensation which apply to all Plaintiffs based on their title as Fire Captain.

15. The FLSA "collective" or "class" of similarly situated employees is composed of all present and former employees of Defendant who performed the same or similar job functions

as Plaintiffs and are or were subject to the same pay practices, and have been employed within three (3), or more, years of the date of filing of this action.

16. Plaintiffs assert that Defendant's willful disregard of the overtime laws described herein entitles Plaintiffs and similarly situated employees to the application of the three (3) year limitations period and, in addition, to equitable tolling of the otherwise applicable statutes of limitations for a period greater than three years.

17. At all times relevant hereto, Defendant was a "public agency" as that term is defined by 29 U.S.C. §§ 203(e)(2)(C) and 203(x).

18. Plaintiffs' titles and job duties, and the titles and job duties or those similarly situated to Plaintiffs, are not exempt from the coverage of the FLSA.

19. At all relevant times, Plaintiffs and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA.

## GENERAL FACTUAL ALLEGATIONS

### Plaintiffs' Job Duties

20. Defendant employs Plaintiffs as "Fire Department Captains" or "Fire Captains."

21. As Fire Captains, Plaintiffs' primary duties consist of responding to fires, medical calls, and other emergency incidents; other duties directly related to emergency response; taking part in fire and emergency prevention; conducting business inspections; conducting pre-plan building inspections; physical training; community safety initiatives; inspecting and maintaining their firefighting equipment; shopping for groceries for the firehouse; cooking meals for the firehouse; and cleaning and maintenance of their assigned firehouse.

22. On fire and non-fire emergency scenes, Plaintiffs perform the same duties as non-

ranking firefighters.

23. Plaintiffs and non-ranking firefighters participate in the same activities and tasks necessary to ensure preparedness for response to fire and non-fire emergency scenes.

24. Plaintiffs do not hire or fire any other fire department employees.

### Plaintiffs' Work Hours

25. Plaintiffs and other similarly situated employees work regularly scheduled work hours on a rotating basis.

26. For all times pertinent hereto, Plaintiffs have worked in excess of the threshold for FLSA overtime compensation to become applicable.

27. Plaintiffs, and all others similarly situated, are scheduled to work based on a one hundred and sixty-eight (168) hour schedule, spanning a recurring work cycle of twenty-one (21) days.

28. Plaintiffs, and all others similarly situated, regularly work hours in addition to their regularly scheduled 168 hours in a 21 day period.

### Emergency Responders' Legal Entitlement to Overtime Compensation

29. On or about April 23, 2004, the U.S. Department of Labor published amended FLSA regulations altering the exemption status of emergency responders. Since at least 2004, federal law has required that employees whose primary duties are fire protection and emergency responder activities, regardless of rank or pay, receive overtime compensation. *See* 29 C.F.R. § 553.230; 29 C.F.R. § 541.3.

30. Under present law, employees whose primary duties are fire protection and emergency responder activities are entitled to overtime compensation at a rate of one and one

half times their regular rate, for all hours worked over 159 in a 21 day period. *See* 29 C.F.R. § 553.230.

31. For all times pertinent hereto, Plaintiffs have engaged in non-exempt fire protection/prevention and emergency responder activities, and other non-exempt duties, as their primary duties, but have been denied overtime compensation at a rate of one and one half times their regular rate for hours worked in excess of 159 in a 21 day period.

32. Defendant has misclassified Plaintiffs due to their job title, Fire Captain, as FLSA exempt employees, without regard for their proper FLSA classification or exclusion from otherwise applicable exemptions due to their Emergency Responder status.

## **Unpaid Overtime Compensation**

33. Plaintiffs are not paid overtime for hours worked in excess of 159 in a 21 day period.

34. Plaintiffs are paid their straight rate, plus awarded paid time off ("Comp Time") earned on an hour for hour basis, for hours worked between 159 and 168.

35. Plaintiffs are awarded "Comp Time" at a straight rate for hours worked over 168 in a 21 day period.

36. Pursuant to the FLSA, Defendants are obligated to pay Plaintiffs at a time and a half rate or award Comp Time at a time and a half rate for all overtime hours worked. Defendants failed to do so.

37. Defendant's policy is to treat Comp Time earned as "use it or lose it" and such hours are forfeited if not used by Plaintiffs within twenty-six (26) weeks of being awarded.

38. As a matter of Defendant's departmental and payroll policies, applied to all Fire

Captains, Plaintiffs are misclassified as exempt employees.

39. Defendant's misclassification of Plaintiffs results in a regular underpayment of Plaintiffs for all hours worked over 159 in a 21 day period.

40. Plaintiffs have been deprived of compensation at one and one half times their regular rate of pay for the hours worked over 159 in a 21 day period.

## Willfulness of Defendant's Actions

41. Defendant's violation of the FLSA is not due to mistake or neglect, but is a willful violation of its legal requirements to pay overtime compensation to Fire Captains.

42. In 2005, Weymouth complained to Defendant about not being paid at a time and a half rate for overtime hours worked at "off-duty" events outside of her regular job duties. Defendant refused to pay her overtime.

43. Within the past three years, several Fire Captains complained to Defendant about the County's practice of awarding so called "Comp Time" hours at a straight rate instead of at time-and-a-half rate. Accrued "Comp Time" not used within the calendar year accrued was forfeited. The County refused to pay Fire Captains earned Comp Time at a time-and-a-half rate. Upon information and belief, several Fire Captains who attempted to enter their earned "Comp Time" hours into their timesheets at a time-and-a-half rate were told by Defendant that their "Comp Time" hours should be entered at a straight rate only. These Captains were warned that reporting "Comp Time" at a time-and-a-half rate could lead to discipline.

44. Despite such complaints, Defendants recklessly and/or willfully disregarded Plaintiffs' right to be paid overtime and at overtime rates.

45. Under the §7(o)(2)(A) of the FLSA, certain employers are allowed to provide

Compensatory Time off, accrued at a time and a half rate, in lieu of traditional overtime compensation. Further, under the FLSA, Compensatory Time accrual for those employed in "public safety" have an accrual limit of 480 hours. *See* 29 C.F.R. §553.24. The employer must pay out all hours beyond the accrual limit. For Compensatory Time to meet FLSA requirements it must be non-forfeitable, with any unused Compensatory Time to be paid out at the employee's regular rate at the time employment ends. *See* 29 U.S.C. §207(o)(4).

46. Defendant's "Comp Time" scheme accrues at only a one-to-one basis and is forfeitable.

47. Even if the Defendant had properly classified Plaintiffs as non-exempt, Defendant's "Comp Time" scheme fails to comply with the FLSA's Compensatory Time rules.

48. Moreover, other Virginia municipalities employ Fire Captains in functionally identical capacities and recognize their legal obligation to classify such emergency responder positions as non-exempt and, thus, eligible for overtime compensation. Such jurisdictions' fire department captains are, appropriately, classified as non-exempt and paid overtime at a time and one half rate. Upon information and belief, Defendant has been aware that it's classification of Fire Captains as exempt from the overtime provisions of the FLSA is without legal support or justification.

49. Despite knowledge of its obligations, and clear departure from the recognized standard for payment since the 2004 regulatory change applicable to Emergency Responders, Defendant has willfully failed and refused to honor its lawful obligations to Plaintiffs.

## COUNT ONE

### Unpaid Overtime in Violation of the Fair Labor Standards Act

50. At all times relevant to the matters alleged herein, Defendant has engaged in a pattern, practice or policy of not compensating Fire Captains in accordance with federal mandates for certain overtime work performed for Defendant's benefit.

51. The FLSA requires covered employers such as Defendant to compensate Plaintiffs, and all others similarly situated, at a rate of not less than one and one half times the regular rate of pay for work performed in excess of 159 hours in a 21 day period.

52. At all times relevant hereto, Defendants knew, or should have known, that federal wage laws, generally, and the FLSA, specifically, applied to Plaintiffs and others similarly situated.

53. On information and belief, Defendant had knowledge of their FLSA requirements to pay Plaintiffs overtime compensation for hours worked in excess of 159 hours in a 21 day period.

54. Despite knowledge of their obligations under federal wage laws, including the FLSA, Defendant suffered and permitted Plaintiffs and similarly situated employees to routinely work in excess of 159 hours in a 21 day period without paying all overtime compensation due.

55. The foregoing conduct constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a), as Defendant knew or showed reckless disregard for the fact that the County's compensation practices were in violation of the FLSA.

56. Plaintiffs, and other similarly situated present and former employees, are entitled to statutory damages equal to the mandated overtime premium pay within the three (3), or more,

years preceding the filing of this Complaint.

57. Defendant has shown a reckless disregard for the FLSA's overtime requirements for emergency response personnel. Although Defendant had an obligation to make proper inquiry into its FLSA compliance obligations under current law, it failed to do so or, having inquired, has ignored or willfully attempted to avoid its current legal obligations.

58. Defendant has not acted in good faith with respect to their failure to pay overtime compensation. Defendant had no legitimate reason to believe its actions and omissions were *not* a violation of the FLSA, thus entitling Plaintiffs, and those similarly situated, to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime compensation described above.

### **Prayer for Relief**

Wherefore, Plaintiffs respectfully request that this Court:

A. Approve notice, as soon as possible, to those employees and former employees similarly situated to Plaintiffs, namely all Fire Captains employed within the last three (3) years, and other employees performing the duties of Fire Captains who were employed by Defendant during any portion of the three (3), or more, years immediately preceding the filing of this action, of the claims set forth herein and further provide notice of their right to opt-in to this action pursuant to 29 U.S.C. § 216(b). Generally, this notice should inform such employees and former employees that this action has been filed, describe the nature of the action and explain their right to opt in to this lawsuit if they were not paid the proper overtime wage compensation for their hours worked in any week during the statutory period;

B. Designate this action as a collective action on behalf of the FLSA collective class pursuant to 29 U.S.C. § 216(b);

C. Enter judgment declaring that the acts and practices complained of herein are violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*;

D. Enter judgment awarding Plaintiffs, and all similarly situated present and former employees, actual compensatory damages in the amount shown to be due for unpaid overtime compensation, with pre-judgment interest, against Defendant;

E. Enter judgment that Defendant's violation of the FLSA were willful;

F. Enter judgment awarding Plaintiffs, and all similarly situated present and former employees an amount equal to their overtime damages as liquidated damages;

G. Enter judgment for post-judgment interest at the applicable legal rate;

H. Enter judgment awarding Plaintiffs, and those similarly situated, reasonable attorneys' fees and costs of this suit;

I. Grant leave to amend to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; to add claims under applicable state and federal laws, including claims for minimum wages pursuant to 29 U.S.C. § 206; and/or to add other defendants who meet the definition of Plaintiffs' employer, pursuant to 29 U.S.C. § 203(d);

J. Enjoin Defendant from future violations of the FLSA through the mandated payment of overtime compensation to similarly situated employees;

K. Grant such other and further relief as this Court deems necessary and proper.

Plaintiffs respectfully demand **TRIAL BY JURY**.

Respectfully submitted,
DEBORAH WEYMOUTH and JAMES REDFORD,

Plaintiffs

By: _____
Craig Juraj Curwood (VSB No. 43975)
Philip Justus Dean (VSB No. 86335)
Attorneys for Plaintiffs
Curwood Law Firm, PLC
707 E. Main Street, Suite 1025
Richmond, VA 23219
Telephone: (804) 788-0808
Fax: (804) 767-6777
ccurwood@curwoodlaw.com
pdean@curwoodlaw.com

Harris D. Butler, III, (VSB No. 26483)
Zev H. Antell (VSB No. 74634)
Butler Royals, PLC
140 Virginia Street, Suite 302
Richmond, Virginia 23219
Tel: (804) 648-4848
Fax: (804) 237-0413
harris.butler@butlerroyals.com
zev.antell@butlerroyals.com