# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into between Deborah Weymouth, James Hughes, and James Redford (collectively, the "Plaintiffs"), as well as any similarly situated individuals who have chosen to opt in to this settlement ("Opt-in Settlement Participants"), and the County of Henrico, Virginia ("the County").

WHEREAS, Plaintiffs filed a lawsuit against the County in the United States District Court for the Eastern District of Virginia, Case No. 3:14cv419 ("the Lawsuit"), styled as a collective action that sought relief for alleged unpaid wages owed to Henrico County Fire Captains pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended ("FLSA"); and

WHEREAS, Plaintiffs each individually filed consents to join the Lawsuit; and

WHEREAS, Opt-in Settlement Participants will be allowed to join this Lawsuit for the sole purpose of participating in this settlement and Plaintiffs do not object to same; and

WHEREAS, the County has denied, and continues to deny, any liability in this Lawsuit; and

WHEREAS, the County, the Plaintiffs and the Opt-In Settlement Participants (collectively, the "Parties") wish to resolve, fully and finally, the differences between them, without further litigation;

NOW, THEREFORE, it is agreed as follows, in exchange for the good and valuable consideration set forth herein.

1. <u>Court Approval of the Settlement</u>: Plaintiffs and the County agree to jointly request Court approval of the settlement described in this Agreement by no later than December 23, 2016 so the Court may consider preliminary approval of this Agreement on January 4, 2017 and final approval on March 16, 2017.

2. <u>Settlement Payment</u>

    a. <u>To Plaintiffs</u>: Within 14 days of the Court's final approval of this settlement, the County will pay to the named Plaintiffs the following amounts, which are equivalent to two years back pay for overtime worked from the date they joined this case, plus simple interest accrued as of March 16, 2017 at a rate of 4%:

    (a) Deborah Weymouth:   $ 7,845.76
    (b) James Hughes:       $ 17,588.12
    (c) James Redford:      $ 7,740.64

    b. <u>To Opt-in Settlement Participants</u>:   Within 14 days of the Court's final approval of this settlement, the County will pay to each Opt-in Settlement Participant the

1

amount shown in his executed release, the form of which is provided in Schedule A. This amount is equivalent to two years back pay for overtime worked from November 15, 2014 to February 18, 2017, the date of reclassification pursuant to paragraph 9 of this Agreement, plus simple interest accrued as of March 16, 2017 at a rate of 4%. The overtime paid to an Opt-in Settlement Participant shall not be less than the amount shown for that individual in Schedule B, which shows the amount of back pay accrued through October 14, 2016, without interest.

   c. <u>To Plaintiffs' Attorneys for Fees and Accrued Costs</u>: Within 14 days of the Court's final approval of this settlement, the County will issue payment of $292,500 to Plaintiffs' Attorneys for fees and accrued costs. The check or wire shall be made payable to the following:

> Butler Royals, PLC
> 140 Virginia Street, Suite 302
> Richmond, Virginia 23219

Plaintiffs' counsel shall provide an IRS Form W-9 for the payee law firm above, and the County shall issue appropriate Form 1099(s) with respect to such payment.

   d. The amounts listed in this Paragraph 2(a) and Schedule B do not reflect tax withholdings. All payments made for back pay pursuant to 2(a) or 2(b) shall be subject to applicable tax withholdings. The County shall issue a form W-2 to each Plaintiff or Opt-in Settlement Participant reflecting the amount of their payment. Any tax consequences of this Agreement belonging to Plaintiff or Opt-In Settlement Participant, if any, are the sole responsibility of the Plaintiff or Opt-In Settlement Participant.

   e. The Parties agree that they will work together as necessary to extend or reduce any of the dates listed in this Agreement to the extent doing so will help to facilitate an orderly settlement and resolution of this matter.

   3. <u>Dismissal of the Lawsuit</u>: Upon final Court approval of the settlement, Plaintiffs' counsel shall take all additional necessary steps, if any, to dismiss, with prejudice, the Lawsuit against the County.

   4. <u>Release</u>: In consideration of the Settlement Payment, each Plaintiff, for himself or herself and his or her heirs, executors, administrators, assigns, and agents, hereby releases and fully discharges the County (including all departments, divisions, boards, employees, volunteers, managers, directors, officers and elected officials of the County), and any of the heirs, successors, agents, representatives or assigns of the foregoing (collectively the "Parties Released") from any and all claims, causes of action, damages, costs and expenses arising out of or relating to the payment or non-payment of wages or overtime wages by the County through February 18, 2017, including any claims under the Fair Labor Standards Act or any other federal or state statute providing a cause of action for unpaid wages, overtime, or retaliation related to such claims.

5. <u>Incentive Payment and General Release</u>: Within 14 days of the Court's final approval of the settlement in the Lawsuit, the County will pay $10,000.00 to each of the Plaintiffs. This payment, which is not available to Opt-In Settlement Participants, is made in consideration of (1) the time and effort each Plaintiff invested in prosecuting, appealing and settling this Lawsuit; (2) a general release by each Plaintiff of all potential claims not part of this Lawsuit and not released above; and (3) each Plaintiff's agreement not to object to the County's desire to permit other similarly situated individuals to opt in to this Lawsuit for the purpose of participating in the court-approved settlement. The County shall issue a form 1099 to each Plaintiff reflecting this payment amount. Any tax consequences of this Agreement belonging to a Plaintiff, if any, are the sole responsibility of that Plaintiff.

6. <u>Signatures and Counterparts</u>: Facsimile or emailed signatures shall have the same power and effect as original signatures with regard this Agreement and the Schedule A forms. This Agreement may be executed independently and separately (i.e., in counterparts) by the respective Parties. If executed in counterparts, each counterpart shall be deemed to be an original, and said counterparts together shall constitute one and the same Agreement.

7. <u>Governing Law</u>: This Agreement shall be governed by the laws of the Commonwealth of Virginia without regard to choice of law principles. The parties agree that any action to enforce this Agreement shall be brought in an appropriate Federal court located in Richmond, Virginia, and specifically agree to jurisdiction of such court and venue in such court.

8. <u>Entire Agreement</u>: As to Plaintiffs, this Agreement along with the General Release constitute the entire agreement between the Plaintiffs and the County with respect to the resolution of the Lawsuit, and specifically supersedes any previous agreements or representation between the Plaintiffs and the County. As to Opt-In Settlement Participants, this Agreement and its Schedule A constitute the entire agreement between the Parties with respect to the resolution of the Lawsuit, and specifically supersedes any previous agreements or representation between the Parties. This Agreement shall inure to the benefit of any successor to the County, or in the event of the death of any individual Plaintiff or Opt-In Settlement Participant, to his/her estate.

9. <u>Non-Monetary Terms:</u> No later than February 18, 2017, the County will reclassify its employees similarly situated to Plaintiffs in title and duties as non-exempt employees who are eligible to earn overtime and/or compensatory time under the FLSA.

10. <u>No Admission of Liability</u>. Nothing in this Agreement constitutes, or shall be construed as, an admission of guilt, liability, wrongdoing, or fault on the part of the County, or any other Party Released.

11. <u>Compromise of Disputed Claim and Bar upon Use in Subsequent Proceedings</u>: The parties agree that the Agreement constitutes the compromise and settlement of disputed claims, and that the County has denied and continues to deny any and all liability to Plaintiffs or Opt-In Settlement Participants, including, but not limited to, any claim of a "willful" violation of either federal or state law.

12. <u>Knowing and Voluntary Agreement</u>. Plaintiffs each acknowledge that he or she enters into this Agreement knowingly and voluntarily after having adequate time to consider it and discuss it with his or her counsel. Neither Plaintiffs, nor their counsel, take any position as to the advisability of this settlement with respect to any potential Opt-In Settlement Participant.

13. <u>Severability</u>. If any provision of this Agreement is held by a court of competent jurisdiction to be invalid, void, or unenforceable, the remaining provisions shall nevertheless continue in full force and effect without being impaired or invalidated in any way. Upon any finding by a court (or other tribunal) of competent jurisdiction that the release contained in Paragraph 4 or in an individual Schedule A is illegal, void, or unenforceable, a Plaintiff or Opt-In Settlement Participant as applicable, agrees, promptly upon request, to execute a new release that is legal and enforceable.

APPROVED AS TO FORM FOR RECOMMENDATION TO PLAINTIFFS AND FOR COURT APPROVAL:

Date: 1/10/17

_____
Harris D. Butler, III, Esq.
Zev H. Antell, Esq.
Butler Royals, PLC
140 Virginia Street, Suite 302
Richmond, Virginia 23219
Telephone: (804) 648-4848
Facsimile: (804) 648-6814

Date: 1/10/2017

_____
Craig Juraj Curwood
Philip Justus Dean
Curwood Law Firm, PLC
530 E. Main Street, Suite 710
Richmond, VA 23219
Telephone: (804) 788-0808
Fax: (804) 767-6777

PLAINTIFFS:

Date: _____

_____
Deborah Weymouth

Date: _____

_____
James Hughes

Date: _____

_____
James Redford

5

APPROVED AS TO FORM FOR RECOMMENDATION TO PLAINTIFFS AND FOR
COURT APPROVAL:

Date: _____

Harris D. Butler, III, Esq.
Zev H. Antell, Esq.
Butler Royals, PLC
140 Virginia Street, Suite 302
Richmond, Virginia 23219
Telephone: (804) 648-4848
Facsimile: (804) 648-6814

Date: _____

Craig Juraj Curwood
Philip Justus Dean
Curwood Law Firm, PLC
530 E. Main Street, Suite 710
Richmond, VA 23219
Telephone: (804) 788-0808
Fax: (804) 767-6777

PLAINTIFFS:

Date: 1-10-17

*[signature]*
Deborah Weymouth

Date: _____

James Hughes

Date: _____

James Redford

APPROVED AS TO FORM FOR RECOMMENDATION TO PLAINTIFFS AND FOR COURT APPROVAL:

Date: _____

Harris D. Butler, III, Esq.
Zev H. Antell, Esq.
Butler Royals, PLC
140 Virginia Street, Suite 302
Richmond, Virginia 23219
Telephone: (804) 648-4848
Facsimile: (804) 648-6814

Date: _____

Craig Juraj Curwood
Philip Justus Dean
Curwood Law Firm, PLC
530 E. Main Street, Suite 710
Richmond, VA 23219
Telephone: (804) 788-0808
Fax: (804) 767-6777

PLAINTIFFS:

Date: _____

Deborah Weymouth

Date: 1/10/17

James Hughes

Date: _____

James Redford

5

APPROVED AS TO FORM FOR RECOMMENDATION TO PLAINTIFFS AND FOR COURT APPROVAL:

Date: _____

Harris D. Butler, III, Esq.
Zev H. Antell, Esq.
Butler Royals, PLC
140 Virginia Street, Suite 302
Richmond, Virginia 23219
Telephone: (804) 648-4848
Facsimile: (804) 648-6814

Date: _____

Craig Juraj Curwood
Philip Justus Dean
Curwood Law Firm, PLC
530 E. Main Street, Suite 710
Richmond, VA 23219
Telephone: (804) 788-0808
Fax: (804) 767-6777

PLAINTIFFS:

Date: _____

Deborah Weymouth

Date: _____

James Hughes

Date: 1/9/17

*/s/ James Redford*
James Redford

5

APPROVED AS TO FORM FOR RECOMMENDATION TO THE COUNTY AND FOR COURT APPROVAL:

Date: 1/10/17

Joseph P. Rapisarda, Jr.
Lee Ann Anderson
Andrew R. Newby
County of Henrico
P.O. Box 90775
Henrico, VA 23273-0775
Telephone: (804) 501-5786
Fax: (804) 501-4140

FOR DEFENDANT:

Date: 1/10/17

The County of Henrico, Virginia

By: _____
County Manager

## EXAMPLE SCHEDULE A

### Settlement Payment and Settlement Execution of [John Doe]

The formula for settlement payment is as follows:

Each Opt-in Settlement Participant is entitled to payment in an amount equal to the total number of hours of compensatory leave earned multiplied by one-half of the hourly rate of pay at the time the compensatory leave was earned ("Overtime") as recorded on timecards from November 15, 2014 to February 18, 2017, plus simple interest accrued as of March 16, 2017 at a rate of 4%. The Opt-in Settlement Participant named below will receive a Settlement Payment in the following amount:

| # | LAST NAME | FIRST NAME | AMOUNT |
|---|---|---|---|
|  | Doe | John | $ |

In consideration of the Settlement Payment, the undersigned Opt-In Settlement Participant, for himself and his heirs, executors, administrators, assigns, and agents, hereby releases and fully discharges the County (including all departments, divisions, boards, employees, volunteers, managers, directors, officers and elected officials of the County), and any of the heirs, successors, agents, representatives or assigns of the foregoing (collectively the "Parties Released") from any and all claims, causes of action, damages, costs and expenses arising out of or relating to the payment or non-payment of wages or overtime wages by the County through February 18, 2017, including any claims under the Fair Labor Standards Act or any other federal or state statute providing a cause of action for unpaid wages, overtime, or retaliation related to such claims.

BY MY SIGNATURE BELOW, I REPRESENT THAT I HAVE REVIEWED AND UNDERSTAND THE TERMS OF THE SETTLEMENT AGREEMENT IN THE MATTER WEYMOUTH, ET AL., V. COUNTY OF HENRICO (CASE NO. 3:14cv419); I HAVE HAD THE OPTION TO BE ASSISTED BY COUNSEL OF MY CHOOSING IN THE REVIEW OF THIS AGREEMENT; AND I ACCEPT AND AGREE TO ALL TERMS SET FORTH IN THE AGREEMENT.

Date: _____

_____
Signature of Opt-In Settlement Participant

_____
Printed Name

## SCHEDULE B

| Employee Name | Minimum Compensation |
|---|---:|
| Aiken, Mr. William E (Will) | $2,391.24 |
| Archibeque, Mr. Scott J | $5,767.40 |
| Bartos, Mr. Joseph John IV (Bart) | $1,057.27 |
| Baynard, Mr. Jackson P F | $14,450.73 |
| Bolter, Mr. Barney H | $4,633.01 |
| Corbin, Mr. David W | $0.00 |
| Courtney, Mr. James E III (Jim) | $5,134.26 |
| Crumpler, Mr. Vernon L III | $4,618.86 |
| Cumashot, Mr. Mark David | $8,266.19 |
| Farmer, Mr. Jeffrey P (Jeff) | $4,353.83 |
| Goodman, Mr. Taylor Coleman | $7,173.11 |
| Green, Mr. William J III | $8,088.11 |
| Hamilton, Mr. Daniel B | $6,931.79 |
| Hancock, Mr. Timothy A (Tim) | $5,900.82 |
| Jones, Mr. Christopher C | $1,727.98 |
| Kincaid, Mr. Brian S (Scott) | $8,522.21 |
| King, Mr. Ernest Carlton Jr (Carlton) | $6,279.96 |
| Liles, Mr. William Timothy (Tim) | $6,982.03 |
| Madren, Mr. Justin T | $1,631.43 |
| Massey, Mr. Timothy Mark | $5,587.26 |
| Mellon, Mr. James E (Jim) | $5,655.81 |
| Miers, Mr. James B | $470.06 |
| Nelson, Mr. Marshall V III | $6,000.17 |
| Nuckols, Mr. Gregory A | $5,326.36 |
| Page, Mr. Dennis C | $11,525.90 |
| Page, Mr. John S | $5,963.11 |
| Powell, Mr. William Jefferson (Jeff) | $7,594.77 |
| Roberts, Mr. Gerald L Jr (Scotty) | $3,989.85 |
| Rosenbaum, Mr. Daniel E | $8,125.34 |
| Rowland, Mr. Mark F | $11,020.28 |
| Schwartz, Mr. Daniel F W | $10,869.99 |
| Southall, Mr. Jeffrey S (Scotty) | $6,965.57 |
| Spencer, Mr. Larry W | $6,550.54 |
| Stone, Mr. Kenneth R (Kenny Ray) | $5,374.15 |
| Thomas, Mr. Ronald J (Ronnie) | $8,367.08 |
| Tucker, Mr. William R (Billy) | $5,202.90 |
| Walls, Mr. John Edwin III | $5,529.75 |
| Warner, Mr. Philip W (Phil) | $509.73 |